UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONNIE FINCH ]
    Petitioner, ]
     ]
v. ] No. 3:08-0129
     ] Judge Echols/Knowles
TONY PARKER ]
    Respondent. ]

To: Honorable Robert L. Echols, Senior District Judge

## REPORT AND RECOMMENDATION

By an order (Docket Entry No. 21) entered June 18, 2008, the Court referred this action to the undersigned " for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.J. ".

Pending before the Court are the petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1), respondent's Answer (Docket Entry No. 14) to the Petition for Writ of Habeas Corpus, and petitioner's Motion in Rebuttal (Docket Entry No. 26) to the respondent's Answer. Having carefully reviewed these pleadings and the record in this case, the undersigned respectfully recommends for the reasons stated below that the petitioner's Petition for Writ of Habeas Corpus be denied and that this action be dismissed.

### I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Tony Parker,

1

Warden of the facility, seeking a writ of habeas corpus.

On July 13, 2000, a jury in Davidson County found the petitioner guilty of facilitation of first degree murder and two counts of facilitation of attempted first degree murder.[1] Docket Entry No. 19; Addendum No. 1A; Vol. No. 1 at pgs. 134-139. For these crimes, he received an aggregate sentence of forty nine (49) years in prison. Docket Entry No. 14-2. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 24-1 at pgs. 19-30. The Tennessee Supreme Court later denied petitioner's Rule 11 application for further review. Docket Entry No. 19; Addendum No. 2; Doc. No. 5.

The petitioner then filed a petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 19; Addendum No. 3; Vol. No. 1 at pgs. 1-14. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petitioner's application for post-conviction relief. *Id.* at pgs. 28-36. On appeal, the Tennessee Court of Criminal Appeals reversed the denial of post-conviction relief and vacated the petitioner's convictions. Docket Entry No. 24-1 at pgs. 31-38. The Tennessee Supreme Court subsequently overturned the ruling of the intermediate court and reinstated the petitioner's convictions. Finch v. Tennessee, 226 S.W.3d 307 (Tenn. 2007).

## II. PROCEDURAL HISTORY

On February 8, 2008, the petitioner initiated this action with the *pro se* filing of a Petition for Writ of Habeas Corpus. Docket Entry No. 1. The petition sets out four claims for relief. These claims include :

---

[1] The jury also found the petitioner guilty of two counts of facilitating aggravated assault. These counts, however, were merged with the facilitation of attempted first degree murder convictions. Docket Entry No. 19; Addendum No. 1A; Vol. No. 1 at pg. 134.

(1) the evidence was not sufficient to sustain the convictions;

(2) the trial court erred when it allowed the introduction of evidence of prior altercations between the petitioner and one of the victims (Jerome Jones);

(3) the trial court erred when it took the petitioner's motion for judgment of acquittal under advisement; and

(4) trial counsel acted ineffectively by failing to object when his motion for judgment of acquittal was taken under advisement and instead chose to continue participating in the trial.[2]

Upon preliminary review of the petition, the Court determined that it contained a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Before the Court are the respondent's Answer (Docket Entry No. 14) to the Petition for Writ of Habeas Corpus and the petitioner's Motion in Rebuttal (Docket Entry No. 26) to the respondent's Answer. Having reviewed the petition, the pleadings that are currently pending and the record as a whole, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. ANALYSIS OF THE CLAIMS

**A.) Procedural Default**

A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly

---

[2] At his trial, the petitioner was represented by Dwight Scott, a member of the Nashville Bar.

3

enforced doctrine that promotes comity between the states and the federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, each of the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 455 U.S. 509, 522 (1982). Once the petitioner's federal claims have been fairly presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them.[3] Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).

To fairly present one's claims to the state courts for exhaustion, the claims must be raised as issues of federal rather than state law. Stanford v. Parker, 266 F.3d 442, 451 (6th Cir. 2001). On direct appeal, the petitioner questioned the sufficiency of the evidence (Claim No. 1), the admissibility of evidence of prior misconduct (Claim No. 2) and the trial court's decision to take his motion for judgment of acquittal under advisement (Claim No. 3). Docket Entry No. 19; Addendum No. 2; Doc. No. 1. The petitioner raised his ineffective assistance claim (Claim No. 4) during state post-conviction proceedings. Docket Entry No. 19; Addendum No. 4; Doc. No. 1.

Of his four claims, only the petitioner's sufficiency of the evidence and ineffective assistance claims were raised as federal constitutional issues. The remaining claims, i.e., Claim Nos. 2 and 3, were presented to the state courts as misapplications of state rather than federal law. As a consequence, these claims were never fairly presented to the state courts and can not now be considered properly exhausted for the purpose of federal habeas corpus review. Anderson v. Harless, 459 U.S. 4, 6 (1982)(a difference in legal theory between that urged in the state courts and in a

---

[3] In Tennessee, the Tennessee Court of Criminal Appeals is the highest court needed to satisfy the exhaustion requirement. Adams v. Holland, 330 F.3d 398 (6th Cir. 2003).

4

federal habeas petition will preclude a finding of exhaustion).

Unfortunately, having already filed one petition for post-conviction relief, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(c). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional claims forfeits the right to have those claims reviewed in a habeas corpus proceeding, absent a showing of cause for non-compliance and some showing of prejudice arising from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84 (1977); Engle v. Isaac, 456 U.S. 107, 129 (1982). The petitioner has failed to fairly present and exhaust his second and third claims prior to initiating the instant action. Moreover, he has neglected to offer any factual allegations suggesting cause and prejudice arising from his failure to properly exhaust these claims as federal constitutional issues.

Despite an absence of cause and prejudice, a petitioner's procedural default may be excused when a review of his claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722 (1991). A fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478 (1986). The petitioner has suggested that he is innocent of the crimes for which he is currently incarcerated. However, he has offered nothing beyond that which

5

was already considered and rejected by the jury. Consequently, the petitioner has forfeited his right to federal review of Claim Nos. 2 and 3.

**B.) Properly Exhausted Claims**

The petitioner has fairly presented and exhausted his sufficiency of the evidence (Claim No. 1) and ineffective assistance (Claim No. 4) claims in the state courts. When a federal habeas corpus claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. In order to obtain the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362 (2000). In short, state court judgments must be upheld unless, after the closest examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id. at 529 U.S. 389.

**1.) Sufficiency of the Evidence**

The petitioner claims that the evidence was not sufficient to sustain his convictions. The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as that quantum of "evidence necessary to convince a trier of fact beyond a reasonable doubt of the

6

existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 443 U.S. 319.

During the prosecution's case-in-chief, the jury heard testimony of a verbal confrontation between the petitioner and one of the victims, Jerome Jones, on the day prior to the shooting. The petitioner was seen later that day "running down the sidewalk with a gun in his hand." Docket Entry No. 19; Addendum No. 1A; Vol. No. 2 at pg. 24.

The next day, the petitioner and his two co-defendants (Huey and Gills) came to Jones' apartment. Huey and the petitioner took Jones into a back room where Huey pulled a gun on him and pointed it in his face. The petitioner stood by while Huey pistol-whipped Jones. *Id.* at pg. 30. They tried to take Jones outside with the stated intention of shooting him. When Jones' cousin intervened, Huey walked out the front door and fired his weapon into the air as the petitioner fled out the back door with Gills. *Id.* at pg. 33.

Jones had two uncles, Leo and Ben White, who arrived at Jones' apartment later that evening to lend him their support. Shortly thereafter, gunfire rang out. Both Leo and Ben White were wounded. *Id.* at pg. 52. Ben White would later die from his wound. Several witnesses testified that they heard many weapons being fired. Testing of shell casings and fragments found at the scene confirmed that the bullets were being fired from at least three different weapons. Docket Entry No. 19; Addendum No. 1A; Vol. No. 4 at pgs 409 and 437. The petitioner was identified by a witness (Sherry Stevens) as being at the scene when the gunfire erupted. Docket Entry No. 19; Addendum

7

No. 1A; Vol. No. 3 at pg. 71.[4] During the defense's proof, a witness (Michelle Taylor) identified the petitioner as one of the gunmen. Docket Entry No. 19; Addendum No. 1A; Vol. No. 5 at pg. 556.

From this evidence, it is clear that a rational trier of fact could reasonably find that the petitioner was armed at the scene and had taken an active role in the wounding of Leo White and the death of his brother, Ben. The petitioner's sufficiency of the evidence claim, therefore, has no merit and should be dismissed.

### 2.) Ineffective Assistance of Counsel

At the close of the prosecution's case-in-chief, the petitioner moved for a judgment of acquittal, arguing that there was insufficient evidence against him. Docket Entry No. 19; Addendum No. 1A; Vol. No. 5 at pgs. 493-504. The trial judge declined to rule on the motion and instead took it under advisement. Under Tennessee law, it was improper for the trial judge to take such a motion under advisement. When a presumptively meritorious motion for judgment of acquittal is not acted upon, defense counsel is obliged to object and stand on his motion, presenting no further proof and refusing to participate further in the trial. Mathis v. State, 590 S.W.2d 449, 453 (Tenn. 1979).

Defense counsel did not object to the court's failure to rule upon his motion. Moreover, counsel failed to stand by his motion and continued to participate in the trial. As a result, the petitioner was later found on direct appeal to have waived this error. Docket Entry No. 24-1 at pg. 30. The petitioner alleges that the prosecution's evidence against him was insufficient and that his attorney was ineffective for not objecting when the trial judge took his motion for judgment of

---

[4] Ms. Stevens gave seemingly contradictory testimony about whether the petitioner was armed at the scene. Initially, she stated "I looked at all of them. It looked like they had guns but I can't tell you what kind they had." Docket Entry No. 19; Addendum No. 1A; Vol. No. 3 at pg. 201. She later testified, however, that she did not see the petitioner with a gun in his hand. Id. at pg. 210.

acquittal under advisement.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). To demonstrate prejudice, it is necessary for the petitioner to show that counsel's failure to act properly rendered the result of the trial and subsequent appeal unreliable or fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364 (1993). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

In addressing this issue, the Tennessee Supreme Court agreed with the intermediate court that petitioner's attorney had been deficient by his "uninformed handling" of the motion for judgment of acquittal. Finch, *supra* at 226 S.W.3d 316. That court, however, recounted the evidence presented by the prosecution against the petitioner and found that it was sufficient to support letting the case go to the jury. Because the evidence presented during the case-in-chief was sufficient, the petitioner had failed to show prejudice arising from counsel's misconduct.

At the post-conviction evidentiary hearing, the trial judge remarked that, in the face of an objection from defense counsel, she would have denied the petitioner's motion for judgment of acquittal. Docket Entry No. 19; Addendum No. 3; Vol. No. 2 at pgs. 25-26. The prosecution's case included proof that the petitioner had at least two confrontations with one of the victims shortly before the shootings occurred. The petitioner was seen near the site of the shootings the day before

Case 3:08-cv-00129 Document 27 Filed 12/05/08 Page 9 of 11 PageID #: 158

with a gun in his hand. The petitioner was seen at the shootings. Several shell casings were recovered near where a witness saw the petitioner. There were numerous weapons involved in the gunfight in which Ben White was wounded and killed. There was, then ,sufficient evidence to support a denial of the petitioner's motion for judgment of acquittal. Thus, even though counsel may have deficient by failing to object and stand on his motion, the petitioner did not suffer prejudice arising from this deficiency.

Having independently reviewed the record, the undersigned finds that the result of petitioner's trial and appeal was neither unreliable nor unfair. Therefore, the state court judgment with respect to petitioner's ineffective assistance claim was neither contrary to clearly established federal law nor did it involve an unreasonable application of federal law in light of the evidence.

## RECOMMENDATION

For the reasons discussed above, the undersigned finds no merit in the petitioner's application for habeas corpus relief. Accordingly, it is respectfully RECOMMENDED that the petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) be DENIED and that this action should be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

E. Clifton Knowles
United States Magistrate Judge

11